# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

SAMUEL L. COIL,            )
                                   )
              Plaintiff, pro se,    )
                                   )
      v.                            )    **MEMORANDUM OPINION AND**
                                   )    **RECOMMENDATION AND ORDER**
HUBERT PETERKIN, JACKIE     )            1:07-CV-145
BREWINGTON, BARBRA         )
MCDUFFIE,                     )
                                   )
              Defendants.     )

This matter is before the court on three motions: (1) a motion for summary judgment (docket no. 29) filed by Defendants Peterkin, Brewington, and McDuffie; (2) a motion for "expansion of record of motion of discovery" (docket no. 44) filed by Plaintiff; and (3) a motion for appointment of counsel filed by Plaintiff (docket no. 42). The parties have responded to the motion for summary judgment, and, in this respect, the matter is ripe for disposition. The parties have not consented to the jurisdiction of the magistrate judge; thus, the summary judgment motion must be dealt with by way of recommendation. For the reasons stated herein, it will be recommended that Defendants' motion for summary judgment be granted on the ground that Plaintiff has failed to exhaust his administrative remedies under the Prison Litigation Reform Act (PLRA). To this extent, Plaintiff's complaint should be dismissed without prejudice. Furthermore, the motion for

"expansion of record of motion of discovery" is denied on the ground that it is moot, as well as barely legible and incomprehensible. Finally, Plaintiff's motion for appointment of counsel will be denied for the same reasons the court denied an earlier request for appointment of counsel.

## I.  Background

Pro se Plaintiff is a state court prisoner currently incarcerated at Harnett Correctional Institution in Lillington, North Carolina.  On February 23, 2007, he filed a 42 U.S.C. § 1983 action based on events that occurred while he was incarcerated as a pre-trial detainee at the Hoke County Jail ("Jail") in Raeford, North Carolina.  In the complaint, which exceeds 400 pages with attachments, Plaintiff alleged that on various occasions his constitutional rights were violated through (A) deliberate indifference to serious medical needs, (B) lack of access to a legal library, (C) the opening of legal mail outside his presence, (D) denial of access to a telephone, (E) denial of access to religious materials, (F) an inadequate grievance process, (G) unsafe conditions, and (H) lack of opportunity to exercise outdoors.  *See* Compl. at 3 (docket no. 2).

The named Defendants were serving at all relevant times in the following capacities: (1) Hubert Peterkin, Hoke County Sheriff; (2) Jackie Brewington, Chief Jailer in the Hoke County Sheriff's Office; and (3) Barbra McDuffie, Sergeant in

2

the Hoke County Sheriff's Office.  *See* Br. in Supp. of Defs.' Mot. for Summ. J. at 1 (docket no. 30).

## II.  Plaintiff's Allegations

### A.  Deliberate Indifference to Serious Medical Needs

Plaintiff chipped several of his teeth while climbing down from his bunk bed in Jail.  He completed a medical request form for dental treatment and was taken to see a dentist.  The dentist discovered large cavities, lesions, and an infection. The dentist extracted some of Plaintiff's teeth, gave him penicillin, and wrote a prescription for pain medication.  After Plaintiff took all of the prescribed medication, he continued to experience mouth pain and was given ibuprofen or aspirin by the Jail staff until he met with the medical staff, who declined to prescribe any pain medication.

Plaintiff later returned to the dentist for additional extractions to address the infection.  The dentist prescribed more pain medication, but when Plaintiff returned to the Jail to fill his prescription, the local pharmacy was closed.  Jail staff gave Plaintiff ibuprofen until the prescription was filled.  On December 28, 2004, Plaintiff visited the dentist for a third time, which resolved all dental pain. *See* Dep. of Samuel Coil at 49:4-6 (docket no. 30, attachment no.1).  Plaintiff later filed grievances over fees assessed for medical care.

Plaintiff also alleges that on several occasions Jail staff gave him incorrect medication.  He bases his claim on his observation that the capsules or tablets he

3

received looked different from the capsules or tablets he normally received.  *See* Dep. of Samuel Coil at 30:12-23 (docket no. 30, attachment no. 1).

Finally, Plaintiff filed grievances due to the allegedly inadequate mental health care he received at the Jail.

Based on the above allegations, Plaintiff has asserted that his Eighth Amendment rights have been violated because of Defendants' deliberate indifference to a serious medical need.

B.  Lack of Access to a Legal Library

Plaintiff wanted to conduct legal research for his pending criminal matter and any potential civil claims arising from his incarceration.  The Jail does not have a legal library or provide access to a legal library.[1]  Based on these allegations, Plaintiff has asserted that his Sixth Amendment rights were violated because he was denied meaningful access to the courts.

C.  Opening of Legal Mail Outside Plaintiff's Presence

Plaintiff alleges that on two occasions his legal mail was opened outside his presence.  Based on this allegation, Plaintiff has asserted that his Sixth Amendment rights were violated.

---

[1]  Plaintiff was, however, able to correspond with North Carolina Prisoner Legal Services (NCPLS) and the North Carolina chapter of the American Civil Liberties Union.

4

## D.  Denial of Access to a Telephone

Plaintiff alleges that on two occasions he was denied access to the Jail telephone, which he used to contact his wife and children.  Based on this allegation, Plaintiff has asserted that his First Amendment rights were violated.

## E.  Denial of Access to Religious Materials

Plaintiff alleges that he was denied permission to receive a Bible from his preacher.  Based on this allegation, Plaintiff has asserted that his First Amendment rights were violated because he was denied access to religious materials.

## F.  Inadequate Grievance Process

Plaintiff alleges that of the more than 119 grievances he filed, only 30 received an adequate response, and the rest were returned without a response. He also alleges that the "Hoke County Detention Center/Annex Inmate Rules Handout does not address [the] grievance appeal process."  Pl.'s Resp. Br. at 7 (docket no. 34).  Last of all, Plaintiff alleges he received no response to a letter written to the Hoke County Sheriff and to three letters written to the North Carolina Department of Health and Human Services.

Based on the above allegations, Plaintiff has asserted that his Constitutional rights were violated because the Jail grievance system is inadequate, unfair, and/or futile.

5

G.  Unsafe Conditions

Plaintiff alleges that he suffered from insect bites on various occasions while incarcerated at the Jail.  Plaintiff also alleges that the temperature in the Jail was too cold on several occasions when the Jail heating system was broken.

Based on the above allegations, Plaintiff has asserted that his Eighth Amendment rights were violated because the Jail was deliberately indifferent to Plaintiff's concerns over unsafe conditions.

H.  Lack of Opportunity to Exercise Outdoors

Plaintiff alleges that he was not given an adequate opportunity to exercise outdoors.  Based on this allegation, Plaintiff has asserted that his Eighth Amendment rights were violated.

**III.  Discussion**

A.  Standard of Review for Defendants' Motion for Summary Judgment

Summary judgment is appropriate when there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c); *Zahodnick v. Int'l Bus. Machs. Corp.*, 135 F.3d 911, 913 (4th Cir. 1997).  The party seeking summary judgment bears the burden of initially coming forward and demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the moving party has met its burden, the non-moving party must then affirmatively demonstrate that

6

there is a genuine issue of material fact which requires trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a fact finder to return a verdict for that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Sylvia Dev. Corp. v. Calvert County, Md.*, 48 F.3d 810, 817 (4th Cir. 1995). Thus, the moving party can bear its burden either by presenting affirmative evidence or by demonstrating that the non-moving party's evidence is insufficient to establish his claim. *Celotex Corp.*, 477 U.S. at 331 (Brennan, J., dissenting). When making the summary judgment determination, the court must view the evidence, and all justifiable inferences from the evidence, in the light most favorable to the non-moving party. *Zahodnick*, 135 F.3d at 913; *Halperin v. Abacus Tech. Corp.*, 128 F.3d 191, 196 (4th Cir. 1997).

B. Exhaustion of Administrative Remedies

The PLRA requires that a prisoner exhaust his administrative remedies before filing a section 1983 action. 42 U.S.C. § 1997e(a). The PLRA provides, in pertinent part: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id.* In *Porter v. Nussle*, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life. The Court ruled that "exhaustion in cases covered by

7

§ 1997e(a) is now mandatory." *Id.* at 524 (citation omitted). The *Porter* Court stressed that under the PLRA, exhaustion must take place before the commencement of the civil action in order to further the efficient administration of justice. *Id.* In *Woodford v. Ngo*, 548 U.S. 81 (2006), the Supreme Court held that the PLRA exhaustion requirement requires "proper" exhaustion: "Administrative law . . . requir[es] proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits).'" *Id.* at 90 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). In *Jones v. Bock*, 549 U.S. 199 (2007), the Supreme Court stated: "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Id.* at 211 (citing *Porter*, 534 U.S. at 524). Finally, the court must act as a fact finder in determining whether Plaintiff has exhausted the administrative remedies established by the Jail's grievance process. *See Bryant v. Rich*, 530 F.3d 1368, 1373-74 (11th Cir. 2008) (citing *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003)).

Here, the Jail's Inmate Grievance System governs the filing of grievances and provides that inmates "will be permitted to file grievances and will be assured of written responses from jail officials in a timely and orderly manner without fear of reprisal or prejudice." Hoke County Jail Policy No. 5.10 (January 1, 2003)

8

(docket no. 30, attachment no. 7 at 23). If an inmate is dissatisfied with the response to a grievance, he or she must submit an appeal to the Hoke County Sheriff ("Sheriff") within 24 hours of the response. *See id.* § 7.B.[2] The "inmate will indicate on the [grievance] form that it is an 'Appeal.'" *Id.* § 7.C. The Sheriff's response to the appeal is the final step of the Inmate Grievance System and marks the end of administrative remedies available to inmates at the Jail. *See id.* § 7. "A summary of the inmate grievance system will be included in the <u>Inmate Handbook</u> and provided to inmates at the time of their admission to the facility." *Id.* § 2.

In support of the motion for summary judgment based on failure to exhaust administrative remedies, Defendants contend that "the record is devoid of any evidence that [Plaintiff] Coil appealed the grievances to Sheriff Peterkin." Br. in Supp. of Defs.' Mot. for Summ. J. at 12 (docket no. 30). In response, Plaintiff argues that he tried to exhaust all administrative remedies, but the Jail's grievance system "is inadequate, unfair or futile." Pl.'s Resp. Br. at 8 (docket no. 34). In *Booth v. Churner*, 532 U.S. 731 (2001), the Supreme Court, addressing an argument similar to Plaintiff's, ruled that "we will not read futility or other exceptions into statutory exhaustion requirements [found in 42 U.S.C. § 1997e] where Congress has provided otherwise." *Id.* at 741 n.6 (citations omitted). Accordingly, this court may not consider Plaintiff's argument that the Jail's

_____

[2] Hoke County Jail Policy No. 5.10 § 7.A. is incorrectly labeled as § 7.B.

9

grievance is inadequate, unfair, or futile because no such exceptions exist to the PLRA's exhaustion requirement.

After reviewing Plaintiff's 119 grievances and various letters, the court finds that Defendants are entitled to dismissal without prejudice because Plaintiff has not exhausted his administrative remedies under Hoke County Jail Policy No. 5.10. *See Wyatt v. Terhune*, 315 F.3d at 1120 ("If the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice.").

## IV.  Conclusion

For the reasons stated herein, **IT IS RECOMMENDED** that the motion for summary judgment (docket no. 29) filed by Defendants Peterkin, Brewington, and McDuffie be **GRANTED** to the extent that this action should be dismissed without prejudice for Plaintiff's failure to exhaust his administrative remedies. Furthermore, the motion for "expansion of record of motion of discovery" (docket no. 44) filed by Plaintiff is **DENIED**, as it is barely legible, incomprehensible, and moot.  Finally, Plaintiff's motion for appointment of counsel (docket no. 42) is

10

**DENIED** for the same reasons Plaintiff's previous motion for appointment of counsel was denied. (*See* Text Order, filed September 13, 2007.)

_____
WALLACE W. DIXON
United States Magistrate Judge

December 3, 2008